Booker T. Wade Jr.
605 Forest Avenue
Palo Alto, CA 94301
415 378 6250

ORIGINAL
FILED
JUN 26 2014
United States Bankruptcy Court
San Jose, California

14-5061

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

In re

Booker T. Wade Jr.

Debtor

Case No. 13-50376 SLJ
Chapter 11

Adv. Proc. No. _____

**Motion for Temporary Restraining Order**

Booker T. Wade Jr., Debtor in Possession, as Plaintiff, complains of the defendants and alleges as follows:

1. This court has exclusive jurisdiction of the adversary proceeding filed concurrently herewith as a complaint for preliminary and permanent injunctions, pursuant to 28 U.S.C. Section 157(b)(1).;

2. Pursuant to Bankruptcy Rule 7008(a), Plaintiff states that the underlying proceeding is a "core proceeding" within the meaning of 28 U.S.C. Section 157(b);

3. Plaintiff is the debtor in this case having filed on January 22, 2013, its original Chapter 11 petition in the United States Bankruptcy Court for the Northern District of California;

4. The defendant David Hamerslough is an individual and resident of the State of California and the defendant Santa Clara County Superior Court, is an arm of the State of California;

5. Prior to the filing of the Chapter 11 petition, Plaintiff held title and 100% ownership interests in certain real estate property known as 605 Forest Avenue, Palo Alto, CA. As of the petition date, the property became property of the estate and Plaintiff has certain economic interests in the property that is exempt from collection action by defendants;

6. On June 13, 2014, subsequent to the filing the chapter 11 petition, the defendants and both of them, have threatened to sell or dispose of the above described property and retain and distribute all proceeds of the sale for the benefit of David Hamerslough as a creditors of

Arlene Stevens, a creditor of Debtor-Plaintiff. Such distribution would include Plaintiff's exempt proceeds. The threatened actions are contained in a self-executing Judgment filed with the Court on June 16, 2014;

7. The threatened actions of the defendant are in contravention of and in violation of the provisions of 11 U.S.C. Section 362 and 9 U.S.C. Section 4;

8. Unless the defendants are restrained from continuing the legal action described above, immediate, irreparable injury, loss or damage will result to the Plaintiff and his creditors.

Wherefore, Plaintiff and Debtor, Booker T. Wade Jr., prays, pursuant to Rule 65 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7065, for a temporary restraining order, restraining the defendants and both of them and their attorneys, agents and employees and successors from selling or disposing or taking possession of the above described property and further, the Plaintiff prays for a preliminary and permanent injunction enjoining the defendants, their attorneys, agents, employees and successors from selling of disposing of the property or taking possession of the property.

June 26, 2014

Booker T. Wade Jr.
Plaintiff

**Memorandum of Points and Authorities**

A temporary restraining order may be granted without notice with respect to conduct which is the basis of a proceeding for injunctive relief, upon a showing of specific facts demonstrating that immediate and irreparable injury, loss or damage will result. Local Rules 7-10 and 65-1; Federal Rules of Civil Procedure, Rule 65(b), made applicable in this Court pursuant to Federal Rules of Bankruptcy, Rule 7065.

## Plaintiff Affidavit as to Immediate and Irreparable Injury

I, Booker T. Wade Jr. declare as follows:

1. Declarant is the debtor and plaintiff herein.
2. Unless said defendants David Hamerslough and the Santa Clara County Superior Court are restrained from dispossessing Plaintiff and selling or disposing of the property set forth in the complaint, immediate and irreparable injury, loss or damage will result to the Plaintiff including the loss of his residence and exempt equity in that the defendants' action denies the plaintiff the protection afforded to him pursuant to 11 U.S.C. Section 362 and his undisputed exemption;
3. The injury, loss and damage will result before notice can be provided and hearing held on the request for the temporary restraining order in the complaint;
4. On June 26, 2014, Declarant caused to be provided to defendants notice that this adversary proceeding was being filed and further informed defendants that declarant would move for a temporary, preliminary and permanent restraining orders on June 26, 2014, before a bankruptcy judge of this court; of the objectives of said restraining orders; and that defendants would be given an opportunity to be heard before the bankruptcy judge. This notice was caused to be delivered to defendants via next day delivery a copy of the verified complaint and this pleading.

I declare under penalty of perjury under the laws of the United States that the factual matters stated herein are true.

June 26, 2014

Booker T. Wade, Jr.

# Proof of Service

I, Fan Wen, certify that I am over the age of 18 and that my business address is at 1296 Kifer Road, Suite 606, Sunnyvale, CA 94086. On or before the date shown below, I caused personal delivery to be made of a copy of the foregoing to

David Hamerslough
Rossi Hamerslough Reisch & Chuck
1980 The Alameda Suite 200
San Jose, CA 95126

Consumer Law Section -- Bankruptcy Notices
Office of the California Attorney General
455 Golden Gate Avenue Suite 11000
San Francisco, CA 94102-7004

and on the same day I deposited in the U.S. Mail, first class postage prepaid, copies of the foregoing pleading and addressed to the following:

Stephanie Oaks
Hoge Fenton Jones &Appel Inc.
60 South Market Street #1400
San Jose, CA 95113

Mlnarik Law Group Inc.
2930 Bowers Avenue
Santa Clara, CA 95051

William Healy
Campeau Goodsell Smith
400 North First Street #100
San Jose, CA

Christopher McDermot
Casey O'Connell
Pite Duncan, LLP
4375 Jutland Drive, Suite200
PO Box 17933
San Diego, CA 92177-0933

26 f.w.
June 25, 2014

Fan Wen